Your Honor, this is the second case of the morning call. People of the State of Illinois v. Miriam Sanchez. That's case number 212-04-05. On behalf of the Appellant, Mr. Donald Zolke. On behalf of the Athlete, Ms. Detroit O'Hara. Alright, Mr. Zolke, are you ready? Yes, ma'am. Your Honor, I am Don Zolke. I am representing the Defendant Appellant, Miriam Sanchez. And she's actually the lady seated next to the door there. And we are here after she was convicted, as you all know, of one count of a Class 1 felony offense of identity theft. And basically what she's been convicted of is because she used a Social Security number that belonged to another person, unbeknownst to her. But she used a Social Security number belonging to another person to obtain employment. And I think the record reflects she purchased that. It's not that she took it out of somebody's purse. She purchased it from someone, correct? Yes, Your Honor. That was her testimony and her statement to the police that she bought it from some random person. She bought it from a random person and it was her belief that it was a random and unassigned number. And she gave no further description of who that person was or exactly when the purchase was made? Correct. And I don't believe she was asked to elaborate on that. She gave a statement that wasn't in very much detail, but she just answered the officer's question. And the person that she bought it from turned out to be a family friend of her mother? No, Your Honor. The Social Security number did turn out to be... I meant the Social Security number she purchased turned out to be the Social Security number of her mother's friend. Correct. Which the evidence, the only evidence that came out of the trial was that she found out about this after the fact that the, actually after she was charged with this offense, she approached the victim and said, I'm charged with this offense because of your Social Security number. What did she have to know, I guess, in your mind to be convicted of this offense? Did she have to know that this was not her Social Security number? Or did she have to know that it belonged to someone else and her use of it could harm them? I believe it's the latter, Your Honor. I think that she did clearly by the statute have to know that it belonged to another person, an actual person. And that was what the court said in Hernandez, correct? Yes, Your Honor. But in Hernandez, the argument was that there were no facts showing that the defendant had purchased the number, correct? That was one of the facts that was argued on appeal, that there was no evidence that the defendant had purchased the number from somebody and there was no evidence that the defendant knew the victim. And in this case, you have both of those circumstances. The defendant knew the victim and there's evidence that the defendant purchased the number, which are, those were the facts that they said were missing in Hernandez, but they're present here. Your Honor, in Hernandez, I think the evidence was much more, although the appellate court in that case called it weak, the evidence was much stronger on her knowledge, her likely knowledge that the Social Security number actually belonged to another person. Number one, she used two different numbers. This application actually went through using one number, but on two different pages of the application, she used two different Social Security numbers. One of them, she indicated that she didn't think it belonged to anybody. The second one, she said she did not know whether or not it belonged to anybody. It turned out that the one that caused, that allowed the application to go through, and this was an application for credit to purchase an automobile. And the court, the court in Hernandez said, while there was no direct evidence that the defendant knew the number belonged to another, the court found there was sufficient circumstantial evidence, if believed by the trial court. And that's why it was remanded for a new trial as opposed to an outright reversal, correct? Your Honor, my reading of the case, they never made that finding. And I think even in the state's, in the state's brief, they indicate that the court never made such a finding. The court, it's... You're telling me it was, Hernandez, an outright reversal, or was it a reversal and remand? It was a reversal and remand, but the court left open the question on whether or not there was sufficient evidence. And normally in these kind of, when there's a remand, the court makes a specific finding that there's sufficient evidence not binding on retrial. However, there is sufficient evidence. The court, my reading of the case very thoroughly, Your Honor, that that phrase has never been that case. Well, the problem in Hernandez, well, you can read it again. The court discussed, the appellate court in Hernandez discussed the credibility of the defendant's statement. It's up to the trier of fact to weigh that, correct? Yes, Your Honor. And in Hernandez... And in this case, the trial court obviously weighed the evidence and knew the correct statement.  The trial court knew the elements. I'm not so sure that's real clear, Your Honor, from the record. In Hernandez, the trial court made specific findings against the credibility of the defendant. In our case, the trial court made no such findings. The trial court never said any word that she did not believe a single word that she said. The court never directly addressed the issue of whether or not the state proved that she knew that the numbers belonged to another person. Contrary to some assertions in the state's brief, in this case, the court never filed any inference or anything in that regard. The court just basically found her guilty and made some comments about things that she did that led him to believe that her necessity defense was not... Right. And didn't the trial court just simply say... Not simply. I take that back. Didn't the trial court say, I find that the state has admitted its burden of proof on the elements of identity theft? And then goes on for several pages about necessity. Yes, Your Honor. And the court did find that, but that was after the state argued very strong and very clearly that they did not believe there was any obligation to prove that the number actually belonged to another person. So even though the judge never specifically made a finding on that issue, his finding was in response to the state's argument that we don't have to prove that. We don't have to prove it belonged to another person. And he goes on to say, in addition to defendant's admission that she committed the illegal act, her testimony at trial was she admitted that she bought this number, correct? Yes, Your Honor. And that is an illegal act. Isn't that also correct? Absolutely. Okay. Does the Hernandez case follow the reasoning in the Flores-Figueroa case? I believe it does, and it does cite Flores-Figueroa. Yes, Your Honor. And in Flores-Figueroa, they state that the government must prove that the defendant knew the Social Security number belonged to somebody else. Absolutely. And, you know, in regard to some of the comments and questions that Justice Burkett stated, again, one could speculate that, well, it turned out to be a family friend, what a coincidence, right? But there's not one shred of evidence to support that. And when we're talking about proof beyond a reasonable doubt, even at the standard that the court has to follow today, there's nothing to support the fact that she knew, proof beyond a reasonable doubt, that this number belonged to another person. Let me ask you this. I'm going to cut you off there and ask you this. What about a lesser-included defense? Well, there certainly are lesser-included defenses that, in my opinion, she should have been charged with. I'm not standing here saying she's totally innocent. I mean, she did what she thought she had to do, and maybe the necessity is a defense, maybe it's not. It's my argument that she's entitled to a trial, in fact, to follow the correct standard on necessity. But notwithstanding that— How about fraudulent ID card possession of property? That's certainly a charge that would have fit. Whether the state could have proven it beyond a reasonable doubt remains to be seen because that was not a charge. That charge, I don't believe, is a lesser-included offense to what we have here because there's not a single element in common. And I don't think it meets the standards, though I think it's the Colton case. The charging element. Yes. I don't think it meets the standard for a lesser-included defense. That is a charge that I've more typically seen charged in these kind of scenarios, and that's what she should have been charged with, in my opinion, or maybe even forgery. I mean, there are other lesser charges that are not lesser-included offenses, but lesser charges that she should have been charged with and the state very likely could have been able to prove, depending on the evidence that came out, that they chose— With regard to the proofs, to get back to what you were saying, the court's not required to accept the defendant's version of events? The court is not required to accept it. In this particular case here, there's no evidence or no comments by the judge indicating that he did not believe her. There's not a single comment indicating that he did not accept her version. And about her knowledge about this number belonging to another person, what's interesting here is she said, before she could have even possibly known it was relevant, she spoke to the police and she told the police, I thought it belonged to a random, unassigned person, so this couldn't have been a self-serving statement because how could she have known that that would matter? Maybe her trial testimony she might have—maybe her lawyer could have told her, right? But when she spoke to the police, she couldn't have known that, and so the evidence strongly weighs in favor of the argument that she did not know. There's certainly no evidence to support that she knew that. We look at the evidence and the court's finding. The court isn't—the trial court's not required to make findings of fact on the record or articulate what he's basing his finding on. We look at the evidence and determine whether or not deferring, looking at the evidence in the light most favorable to the state, whether or not the evidence was sufficient to convict, correct? Yes, Your Honor. And just the pure coincidence that the number she bought belonged to a family friend, you don't think that that's a factor the court could look at in weighing whether or not her testimony regarding how she got the number is credible? A court can certainly consider any factor that they want. There's no evidence the court did consider that factor, and because the only evidence showed that they didn't— I'm thinking that you're missing my point. We look at the evidence and determine whether or not a reasonable finder of fact in the light most favorable to the state could have found the defendant guilty. Yes. I mean, is that not a reasonable inference that could be drawn that she's lying about that? The coincidence is the probabilities are probably off the chart, that of all people it's a family friend. We don't know the person that she bought it from. Was that somebody else in maybe a smaller neighborhood? We don't know that she bought it, other than her statement. Correct. She may have pilfered it from her family friend's purse without that person's knowledge, or it may have been given to her by the family friend. We don't know. And I would respectfully suggest, Your Honor, that that would be complete speculation, not supported by even a logical inference from the evidence, and I don't think that that could ever rise to proof. I hope it could not rise to proof of an element beyond a reasonable doubt. I think maybe one of the things that Justice Burkett's getting at is if it had been my number versus the family friend's number, would it have made a difference in this case? I don't think so, based on the evidence. And why is that? Because that there's not one shred of evidence that she knew about that until after the fact. After she was charged, you can infer that she gets her charging document, she sees that she's accused of using this person's Social Security number, and then she contacts her family. There's no evidence that. Was she told the name of the person during the interview? It was. I don't know if she was. I don't know that. But I do know that it was. We know that she called the victim after she was arrested and interviewed, correct? After she was charged, which means she would receive charges, copies of the charging document. We don't know the exact time, how long after she was charged. When she testified, was she asked questions about that? I was her attorney, and no, she was not, and she should have been. This case is a lot like the Montoya case. Why is it, or do you think you can distinguish Montoya from the case before us? Your Honor, I believe that there are major distinctions here because, and I've got to say, when I first read the Montoya case, I was kind of shocked. I was taken aback because I didn't think at all that identity theft fit this type of scenario. But then when I started looking at the facts in the Montoya case and then comparing them to the facts that came out at our trial, none of the justifications that the court in the Montoya case used to support, to uphold the identity theft conviction are applicable here. They talked about the purpose of the identity theft statute was to protect the economy and the people from the negative effects of identity theft. Nobody was harmed here. This is a case where she's accused of defrauding somebody, and I don't even know who she defrauded because she didn't defraud anybody. In order to defraud somebody, somebody has to have some detriment to them. There's not one person here that has a detriment. The employer, the comptroller from Atlas Staffing where she worked, came in and testified that she got paid for wages that she performed that she left as an employee in good standing, and she was unaware of anything negative at all about Miriam Sanchez regarding her work history or anything else. But did Montoya earn wages too? She earned wages, but she also took it way further than that. Besides her, number one, in the Montoya case, Miriam Sanchez used her own name and a Social Security number, which is very different than Montoya and also very different than the… Hernandez. Yes. Thank you. She used only a Social Security number because you have to provide a Social Security number to work. On that point, you have to provide a Social Security number to work. Am I correct? Did your client testify that she knew she could not get employment without a valid Social Security number? She testified that she knew she had to provide a Social Security number. I don't think she ever used the word valid. I mean, all she knew, I believe this testimony, is she had to provide a Social Security number. But it's very different than the Hernandez case. I understand. Go ahead. Because in Hernandez, the person was actually applying for credit, and you know a Social Security number has to be valid for a credit application to go through. And anybody who thinks that these places like Atlas Staffing that hire a lot of people that maybe they shouldn't be hiring, that they care whether the Social Security number is valid, I think that's a reasonable inference from the evidence that maybe they don't care. They just need a Social Security number on there. Because otherwise, how do all these millions of people work? But getting back to your question regarding the difference with the Montoya case, in Montoya, the actual person's full name and Social Security number caused the person major, major problems. Not only did she collect a salary, but there were issues regarding tax where she maybe wasn't paying the federal and state taxes. And so the real victim in that case wound up being investigated for tax issues both by the Illinois and federal tax authorities. In Montoya, she got insurance, and not only that, but she ran on medical bills, it appears, in addition to the insurance. And then the real person, the victim, winds up having collection actions taken against her and this causes her severe harm. I believe there was unemployment compensation. The agency that provides unemployment compensation was going after the real person to try and get unemployment benefits back. It caused major economic harm. And in Montoya, the court held that it was specifically because of those economic harms that were caused that it fit the intent of the identity theft statute. There is not a single person that was harmed by her conduct. And I will submit and I'll say this. That's all dicta. The element is whether or not the proof of economic benefit to the defendant, not proof of economic loss to the victim. That's if the elements of identity theft do not require proof of loss to the victim. It requires the fraud, the improper use of the identity, and then gain to the victim through that use, not loss to the defendant. Your Honor, I would respectfully submit that there is no fraud if somebody doesn't suffer a detriment. By the common law definitions, by the dictionary definitions of fraud, somebody has to suffer some legal detriment, and there is nothing like that that occurred here. Have you read this court's recent decision in People v. Haysig and Goldman? No, Your Honor. It's not an identity theft case, but it is a theft by deception case. And we said in that case, proof of economic benefit to the defendant, not proof of economic loss to the victim is what is required. Do you have any other questions? I have none. Does the clerk have any other questions? You'll have an opportunity for rebuttal if you choose. Thank you, Your Honor. Thank you. Ms. Joseph? Victoria Joseph for the people of the state of Illinois. Good morning, Your Honors. Good morning, Counsel. May it please the Court. Two questions that Your Honors asked. Factually, I just wanted to direct you to the record. The statement the defendant made to the officers of when she purchased the card, she purchased the card in 2006, and that was in her statement, which was the People's Exhibit No. 9. And it was on page 42 of the recorded proceedings. Ms. Hernandez testified that after the defendant was arrested is when she contacted Hernandez. So those were to answer those two questions. Here we have a case that, based on Hernandez following Flores-Figueroa, the people had to prove knowledge that the identification information or document belonged to another person. Knowingly. I'm sorry. Knowingly, correct? Knowingly, yes. And knowingly refers to each element of the offense, correct? That is what the Supreme Court held in Hernandez, yes. Did the trial court understand and make that finding that the defendant knew the Social Security number belonged to another person? The trial court, in its finding of convicting the defendant, made that finding. They didn't make a specific finding on the record, nor were they required to. Did the State argue that they were not required to prove that she... The prosecutor below did argue that they were not required to prove. That was their argument. However, there's nothing affirmatively on the record that the trial judge accepted that argument. Their finding might have followed that argument, but the trial court was free to reject it, and there's nothing affirmatively on the record to show that the trial judge acted improperly in finding the elements of the offense. But the elements of the offense say that the person knowingly uses any personal identifying information or personal identification... I can't read. Personal identification document of another person. Whether the judge accepted the State's argument or not, doesn't the judge have to follow the law? Yes, and there's nothing in the record to show the judge did not follow the law. Now, where is there anything that indicates that the judge did understand this issue? And if you look at the rest of the ruling about necessity and how all of these things are Ms. Sanchez's fault, she made decisions, is there... I mean, he went in at length on the issue of necessity where he talked a lot about it. The people are not disputing that the necessity analysis was not... Well, looking at that analysis, can't we also look at the rest of the ruling to determine if, in fact, this issue has been proven? I think all you can look at, because there is no affirmative showing that the judge incorrectly determined the finding of guilt based on the elements, we cannot take that leap to say that they incorrectly did. All we can look at is whether the evidence showed that that finding could be made. And what showed in the evidence anything contrary to what she testified to? What evidence do you have to show? The circumstantial evidence showing an inference of knowledge here. She knew she cannot obtain a social security number. She found that out when she tried to get her driver's license at 16 and could not do so. She knew she needed such a social security number to obtain a driver's license and a job. She then paid someone outside of legal channels for the information, and the information was successful. But where in that shows that she knew that the information she purchased was indeed that of another person as opposed to some random made-up number? Continuing on, it's all of the evidence. Likewise, the totality of the circumstantial evidence could lead a judge to reasonably infer that she had knowledge. The number belonged to a friend of the family. She knew the person whose number it belonged to. She used this number and successfully obtained a job. She continued to use it on her federal employment and tax forms and received wages for the next 18 months. So she showed no trepidation or hesitation when she used the card that it would not be successful. How do we know that? Did she testify to that? I wasn't afraid to use the number? No, but there was nothing to show that she was hesitant about using it either. So is it then your belief that every single illegal immigrant who produces a Social Security number to an employer is producing a number that they think was in fact somebody else's? It's not necessarily the individual things. It's adding up the fact that she knew she could not do it. She obtained something that coincidentally turned out to be someone she knew. I guess my question is this. Was there evidence or testimony that if you give a bogus Social Security number, it would jump back? There was no testimony to that, Your Honor. And what the judge said, I read before, that I find that she's guilty of identity theft. She has committed and she confessed to committing an illegal act. The illegal act that she confessed to was buying a Social Security number. And that she used a number that did not belong to her. That was the act that she admitted to. But is that an element of the offense? Don't you have to prove that she knowingly purchased a Social Security number that belonged to somebody else? Yes, Your Honor. Okay. So you're saying in what Justice Hutchinson pointed out, the judge's finding doesn't say. He says she committed a crime. She committed an illegal act. What was the illegal act? Buying a Social Security number from somebody, correct? That's what she testified to. That's what she testified to. Was there any testimony that she purchased this Social Security number knowing it belonged to somebody else? When she purchased it, her testimony was that she did not. Okay. So that is all the evidence we have as far as to the purchase. So you're saying it's circumstantial evidence based upon a reasonable inference based upon the totality of the testimony? The totality, yes. She used the number both on the form she filled out when she applied for the job in January of 2008 and again on additional forms in March of 2008. Did the judge make that finding that you just articulated? No, the judge made no specific. Very articulate and set it out before us. Did the judge make that finding? The judge made no specific finding as to that. As a matter of fact, when he went on and made the findings with respect to necessity, he never made those findings at that point in time. No, he did not. He never even related to or referred to the circumstantial evidence that may have led him to the ruling that he made. He made no finding and was not required to make the finding. He's not required to make a finding or specify his findings in fact. However, when the parties disagree about the elements, isn't a trial court duty bound to, akin to a motion to eliminate, to identify what the elements are, what the state's proof is, what the elements are for the state to prove, so the defendant knows how to present a defense and what kind of a defense to put on. Why shouldn't this case be treated any differently than Hernandez, where it was not clear from the record that the trial court was aware that the state had to prove not only knowledge of the use, but also knowledge that the identity belonged to another person as opposed to some random number? Well, other than Justice, I believe it was McBride in their dissent, who believed that the trial judge did not err in making the determination in Hernandez. They did point to specific comments that the trial judge made that showed a lack of awareness of what the elements were, and we don't have that in this case, Your Honor. Mr. Zolke argued in the trial court that this element had to be proven, but the court never commented on it. No, the court did never comment. The state argued to the contrary that all they were required to prove was that she knowingly used a false identity, correct? That is what the prosecution argued below. And unfortunately, based on the absence of any information in the record, we cannot speculate on what the judge actually made the determination as to the elements of this offense. Talk to me about a lesser included. The lesser included offense here would be the fraudulent identification card. Under Miller, which is the charging instrument approach, the factual description in the charged offense as described in a broad way shows that the conduct necessary for the commission of the lesser offense. The charge here was that the defendant knowingly used the identification information of another, the social security number of Maria Hernandez, for the purpose of fraudulently obtaining employment and wages. The fraudulent ID statute, identification card statute under 516-30 requires to knowingly possess, display, or cause to be displayed any fraudulent identification card, and that's under subsection B1. The people argue that in using the card to obtain employment, it includes the broad description of displaying or causing to be displayed that card to her employer. The facts were that she admitted she purchased it from an unknown person. She knew it was not an official document. She used it to apply for a job, and she showed her identification during the application process. So the people argue that that would be a lesser included offense if this court were to find that the inference of knowledge was not reasonably made by the trial judge. I do have one, and I hesitate to go back, but on the motion for a new trial, there were arguments again made consistent with she had to knowingly use it, knowing it belonged to another, and the state saying, no, that's not what has to happen. Now the judge says, this is not about personal opinions, Mr. Zolke, that you hold, and Ms. Waschner, that you hold or are reflected in your closing arguments. It's about what I believe is the legislative intent. It's about the evidence that I heard and what my understanding of that is. I ruled on it at the time. I gave my reasons. I'm not going back again. I think, doesn't that tell us that we need to look at the legislative intent? And the legislative intent is pretty clear. They don't want other people harmed. And so it has to be a knowing use. That we know it's somebody else's number. Not we, but the person using it. I guess I'm not disagreeing that that was required to be found in this case. I'm not the people aren't disagreeing that that is a requirement of the offense. That is an element. You're saying that the judge didn't make specific findings. The judge doesn't have to make specific findings. But now he directs this to the legislative intent. That's what he looked at. So if we look at the legislative intent and find he made a mistake, what do we do? I know it's hard for the state to say you have to do something. If that were the case, and if you find that this follows Hernandez, then we submit the evidence was sufficient to go back for a new trial. That would be the result in Hernandez. And we can't change what the Supreme Court did there. If that is what you find, the people assert that it is not clear from the record. There's not an affirmative showing the judge erred in this case. Unless there are specific questions about necessity, the people stand on their brief. And as to Montoya, Montoya held that the statute does not require the defendant to defraud the employer by stealing money or being compensated for the services actually rendered. Montoya held that the fraudulent behavior in Montoya, and this is at page 85 of 373, Illinois Appellate 3rd, 78. The fraudulent behavior in this case consisted of the defendant knowing use of Cantu's identifying information to obtain employment, wages, and benefits to which she would not otherwise have been entitled. So the fraudulent activity here, the defendant used the Social Security number of Meduria Hernandez to induce her employer into believing she was a person eligible to be employed. She was not entitled to the employment. Her fraud was intentionally representing herself as an eligible employee to obtain the employment and the wages directly associated with that employment. So that was the holding in Montoya. This follows it other than the fact that there were additional benefits. But other than the fact that she used the individual's name who only had Social Security numbers. She used the individual's name as well. And in this case, Ms. Sanchez used her own name. Unless there are any other questions. Thank you. People ask that the court affirm the conviction and sentence. Thank you. Thank you. Mr. Zilkey, do you have any rebuttal or reply? In response to the question about if this court were to find that the state, that there was insufficient evidence to show that she knew, that the state proved beyond a reasonable doubt that she knew the number belonged to another person, I would submit that the correct remedy would be highway reversal and not a remand for a new trial. See, that's easy for you to say, but it's really hard for the state to say. I understand that. And just one thing I would like to distinguish. I can't say I'm familiar with the exact, with any findings about the legislative intent on the statute that you referred to when you said that economic harm only has to, there only has to be an economic benefit in that. The language that counsel just read from Montoya is also, that is the law, would you agree? The use of the identity to obtain the employment with knowledge that it belongs to another person, that's the offense and gaining a benefit from it, correct? I think that that's what Montoya said. And the legislative intent, I don't disagree with you. The intent of the legislature was to prevent harm to victims, but it's also a broader harm. It's a harm to society as well. It's not just harm to a specific victim. It's more than what just happens to that particular victim. It's what happens to the economy, what happens to people as a result of it. And with all due respect, I'm going to say this argument with a straight face. There's no harm to society. There's no question that that is certainly a mitigating factor. It's probably why the trial judge gave your client conditional discharge. It is clearly a mitigating factor, but it's not an element of the offense. Where in the statute, where in the identity theft statute does it say harm to the victim? I guess what I would say to that is that the legislative purpose as outlined in the Madrigal, in People v. Madrigal where they talk about is to prevent harm to the economy and to people, to victims. And so I would think reading that in conjunction with that, that there should have to be some harm. One thing I'd like to stress about this Montoya case, and it is what it is. It says what it says. I'm not asking you to say that it's a bad case or anything, but the size of the difference is with the facts that we have in this case. In Montoya, there was clear, clear evidence of economic harm all over the place. Much more egregious harm. You're absolutely correct. And additionally, it based its decision on these three out-of-state cases, basically. And the first one was Ramirez case, Vargas case, and Oswald case. So basically the case from Wisconsin and two Kansas cases. And the Wisconsin case, it was a very, very different statute. The statute in Wisconsin, it says whoever for the following purposes intentionally uses, attempts to use, or possesses with intent to use any personal identifying information or personal identification document of an individual, including a deceased individual, without the authorization or consent of the individual, and by representing that he is the individual, that he or she is acting with the authorization or consent of the individual, or that the information or document belongs to him or her, is guilty of a Class H felony. In some ways, the elements of that are more similar to our charge that the state proposed as a lesser included offense. But we don't even get there. We don't even get there unless we make a determination that she knew that Social Security number belonged to somebody else. So all of this discussion with respect to whether or not the wages she earned or whether she didn't earn them is superfluous if we don't make, first, the determination that she knew that Social Security number belonged to someone else, based on our statute in Illinois. Is that true? Yes. Yes. And so the other point I want to make is this is the only, the Montoya case is the only time that I'm aware where a court has interpreted a statute like this. Although they refer to these out-of-state cases, there are major differences with those other cases. And even in the Kansas case, well, in the Wisconsin case, where they upheld somebody being convicted of this offense, there's a set penalty just for providing this false information and getting the job or getting whatever other benefit you get. It doesn't, the offense doesn't increase by your salary earned. So, for instance, I mean, when you think about it, somebody provides a false Social Security number, and if they work maybe six months and they make, you know, so then maybe it's a Class III felony. But if they're a stable person and they're raising a family and doing all the things that we as America want to promote in people and doing good for the economy, I'm not saying that you should use false information. She did wrong there. But she paid into a Social Security account that the government benefits from that money because she could never get it. She pays taxes and probably was entitled to a refund that she could never collect. Nobody was harmed. And so Illinois is the only statute that's been interpreted that I'm aware of where the crime becomes more serious, more stable. The longer that you hold the job, the harder you work, the more responsible you are, and then it becomes a more serious offense. So now it's a Class I felony. The same as kidnapping, rape, shooting at somebody, aggravated discharge of a firearm, all these serious offenses because she held the job long enough, because she held the job longer. I'm not even sure if it goes up to a Class X if she was able to keep the job longer. But Illinois. There's a counterargument to that as well, that the longer she holds the job, the worse it gets because the fraud continues. So I understand your argument, but there's a counterargument to that as well. Well, I think you're talking about the dollar amount. The longer she holds the job, she earns more money, which is going to bring her into a higher class. So anyway, I guess I said what I said. I don't want to be repetitious. We could be here all day discussing our views. I appreciate the opportunity to make this argument. Thank you. I thank you, counsel, for the interesting arguments. We will take the matter under advisement, decision in due course, and we will recess to prepare for another case.